IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| MASON FRONIUS, ) | |
| ) | |
| ) | 2:24-CV-00771-MJH |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| PENNSYLVANIA STATE POLICE BELLE ) | |
| VERNON, ) | |
| | |
| Defendant, | |

OPINION

Plaintiff, Mason Fronius, *pro se*, commenced this proceeding by filing a Motion to Proceed In Forma Pauperis (ECF No. 1) and attaching a Complaint (ECF No. 1-1), against Defendant, Pennsylvania State Police Belle Vernon, alleging violations of his civil rights under 42 U.S.C. § 1983 for "being charged with a crime for exercising his rights." *Id*.

Upon review of Plaintiff's Motion to Proceed In Forma Pauperis and attached Complaint (ECF No. 1), the Court will grant Plaintiff's Motion to Proceed in Forma Pauperis, but the Court will, sua sponte, dismiss Plaintiff's Complaint in accordance with 28 U.S.C. § 1915(e).

I.   Motion to Proceed In Forma Pauperis

First, the Court must determine whether a litigant is indigent within the meaning of 28 U.S.C. § 1915(a). Upon review of Plaintiff's Motion and his affidavit in support, the Court finds the Plaintiff is without sufficient funds to pay the required filing fee. Thus, he will be granted leave to proceed in forma pauperis, but the Court will proceed to screen Mr. Fronius's Complaint pursuant to 28 U.S.C. § 1915(e).

II.   Relevant Screening Standard

Federal courts are required to review complaints filed by persons who are proceeding in forma pauperis and to dismiss any action that is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

III.    Discussion

The Court finds no legal basis for Mr. Fronius's claims against Pennsylvania State Police Belle Vernon because he seeks "monetary relief against a defendant who is immune from such relief" and "fails to state a claim on which relief may be granted."

The Eleventh Amendment protects states and their agencies and departments from suit in federal court irrespective of the kind of relief sought. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). Pennsylvania has not waived its immunity from suit in federal court; and although Congress can abrogate a state's sovereign immunity, it did not do so by enacting 42 U.S.C. § 1983. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979).

Further, immunity aside, Mr. Fronius cannot state a 42 U.S.C. § 1983 claim against the Pennsylvania State Police. In order to state a viable § 1983 claim, a plaintiff must plead two essential elements: 1) that the conduct complained of was committed by a person acting under color of state law, and 2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); *Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir.1995). The Pennsylvania State Police is not a "person" for the purpose of § 1983

and, therefore, not a properly named defendant. *Wivell v. Pennsylvania State Police*, 2007 WL 3033962, at *2 (M.D. Pa. Oct. 16, 2007). Any § 1983 claim would need to name an individual, and not a state entity, acting under color of state law, and Mr. Fronius's Complaint does not do so.

Accordingly, Mr. Fronius's Complaint fails to state a claim against the Pennsylvania State Police.

IV.     Conclusion

Upon consideration of the foregoing, this Court will grant Mr. Fronius's Motion to Proceed in Forma Pauperis (ECF No. 1). The Clerk will be directed to file the Complaint (ECF No. 1-1). Furthermore, upon review of Mr. Fronius's Complaint, the Court, sua sponte, in accordance with 28 U.S.C. 1915 (e) finds that Mr. Fronius's cannot support a claim against the Pennsylvania State Police. Therefore, Mr. Fronius's Complaint will be dismissed. Because it is clear on the face of Mr. Fronius's allegations that he cannot maintain a claim against Defendant, no leave to amend will be granted. A separate order will follow.

DATED this 28th day of May, 2024.

                              BY THE COURT:

                              *[signature]*
                              MARILYN J. HORAN
                              United States District Judge